[No. 15110.   Department Two.   April 22, 1919.]

*In the Matter of the Estate of* HANS ERIKSON.[1]

APPEAL (282)—RECORD—STATEMENT OF FACTS—NECESSITY.  An appeal from an order allowing an administrator's final account will not be dismissed for want of a statement of facts or bill of exceptions, where the proceedings had in the administration are a part of the record, certified by the clerk, which may be reviewed if error conclusively appears therefrom.

SAME (390, 398)—REVIEW—PRESUMPTIONS.  Upon appeal from an order allowing an administrator's final account, in which there was no bill of exceptions or statement of facts, it will be presumed that claims ordered paid by the court, although not presented until after the expiration of the time limited, were incurred in the process of administration, rather than obligations of the deceased, in the absence of anything in the record to the contrary.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered April 3, 1918, allowing claims against an estate, after a hearing before the court on final settlement.   Affirmed.

*Wm. H. Pratt,* for appellant.

*J. W. A. Nichols,* for respondent.

PER CURIAM.—Hans Erikson died intestate in Lewis county, state of Washington, on January 1, 1911, leaving estate therein consisting of real and personal property.   Later on his son, John Erikson, was appointed administrator of his estate, and continued to act as such until his death on February 20, 1916. While such administrator, he procured a loan from the Traders Trust Company of Tacoma, Washington, in the sum of $3,500, the money being used to perfect the title to certain lands in which Hans Erikson had an inchoate interest, the land becoming on its acquisition, property of the estate.   To secure the repayment

[1]Reported in 180 Pac. 263.

of the loan, a mortgage was given by the heirs of the estate upon a forty-acre tract of land then the property of the estate. The mortgage was not executed by the administrator under the authority of the court, but by the heirs as individuals, and became a lien upon the interests of the heirs only.

After the death of John Erikson, one Browder B. Brown was appointed administrator *de bonis non* of the estate of Hans Erikson. Subsequent to his appointment, he sold the property of the estate and reduced its assets to cash, the sale including the property mortgaged by the heirs of the estate to the bank named, the sale of this particular tract bringing into the estate the sum of $1,700. Brown subsequently filed his final account with the estate, showing that, after paying all expenses of administration, less the fees of the administrator and his attorney, there remained in his hands the sum of $2,268.07. The report further showed that there were unpaid claims against the estate, which he recommended for allowance by the court, in the sum of $1,564.35. Pending the hearing on the final account, the bank, through its counsel, petitioned the court to be substituted in the stead of the heirs at law of the estate to the extent of their interest in the money received from the sale of the land covered by its mortgage. It also objected to the allowance of the claims before mentioned. At the hearing, the court approved the administrator's final account as filed, allowed the claims recommended by the administrator as superior to the interests of the bank arising in virtue of its mortgage, and adjudged the estate closed save as to the distribution of the funds on hand. This is an appeal by the bank from that part of the judgment of the court allowing the claims referred to, and holding them superior to its mortgage.

The appellant has caused a transcript of the proceedings had in the administration of the estate to be filed in this court in aid of its appeal, but has brought here no bill of exceptions or statement of facts showing the proceedings occurring on the final hearing. The respondent moves to dismiss the appeal because of the omission, contending that there is nothing before us for review. The motion is not well taken on the ground stated. The proceedings had in the administration of the estate are a part of the record of the cause in the court below, and are properly brought here in a transcript over the certificate of the clerk. This we may review, and if, from the matters shown therein, error conclusively appears, the judgment settling the final account may be reversed.

Turning to the transcript, we do not find that error so appears in this instance. While it is true, as the appellant argues, that the so-called claims were filed long after the expiration of the time fixed in the published notice to creditors, it further appears that they may be obligations incurred by the deceased administrator in the process of administering upon his decedent's estate, rather than obligations incurred by the deceased in his lifetime. If the former, they are in strictness not claims against the estate, but are more properly a part of the expenses of administration and may be properly paid out of the funds of the estate— the fact depending upon the circumstances under which they were incurred. Since the nature of the claims are not clearly shown by the transcript, and since error must affirmatively appear, this court must presume, in the absence of a statement of facts showing what actually occurred, that the evidence introduced at the final hearing justified their allowance.

Affirmed.